IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| JOSHUA CRIHFIELD, | ) | |
| | ) | Case No. 4:07CV00010 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CITY OF DANVILLE POLICE | ) | |
| DEPARTMENT, *et al.*, | ) | By: Jackson L. Kiser |
| | ) | Senior United States District Judge |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |
| RICHARD BREITWIESER, | ) | Case No. 4:07CV00011 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF DANVILLE POLICE | ) | |
| DEPARTMENT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Before me is Defendants' Motion to Dismiss the claims in these companion cases. For

the reasons stated herein, the Motion to Dismiss will be **GRANTED** with regard to the City of

Danville Police Department, but will be **DENIED** with respect to officers C.G. Gagnon

(Gagnon), L.P. Rigney, Jr. (Rigney), and Danny L. Cassidy, Jr. (Cassidy).

I.     STATEMENT OF FACTS AND PROCEDURAL HISTORY

Facts alleged in Crichfield's complaint:  On March 4, 2005, at approximately 9 p.m.,

1

Joshua Crichfield[1] and Richard Breitwieser ("Plaintiffs") stopped at a convenience store in Danville, Virginia. (Compl. ¶ 6.) A caller to the police indicated that both men had been drinking and were possibly intoxicated. (Compl. ¶ 8.)

Officer Cassidy, the first to arrive, did not recognize Plaintiffs and ran a check on Plaintiffs' license plate. (Compl. ¶ 9.) Cassidy observed both men holding unidentifiable brown bottles. (Compl. ¶ 9.) A struggle ensued and Officers Gagnon and Rigney pulled out their Tasers. (Compl. ¶ 10.) The Plaintiffs were arrested, handcuffed, brought out of the store, and placed in the squad car. (Compl. ¶ 11.) After Crichfield was handcuffed and before he was put in the vehicle, he was tased or dry-stunned approximately fifteen to twenty (15-20) times. (Compl. ¶ 11.)

The officers had received training on use of the Taser, but this was their first time using it in the field. (Compl. ¶ 13.)

Facts alleged in Breitwieser's complaint: The facts in Breitwieser's complaint mirror those in Crichfield's complaint, with several additions. It is admitted that there were some suspicions that Breitwieser had been driving under the influence of alcohol. (Compl. ¶ 8.) Further, after Crichfield was arrested, Breitwieser got close to one of the officers (it is unclear which officer) who told him to get back. (Compl. ¶ 11.) Breitwieser is hard-of-hearing and could not hear the officer. (Compl. ¶ 11.) Breitwieser motioned to his ears, but the officer did not understand the signal. (Compl. ¶ 11.) The officer considered Breitwieser a threat and tased him to subdue him. (Compl. ¶ 11.) After he was arrested and handcuffed, Breitwieser was dry-

---

1 Plaintiff's name has been variously stated as "Crihfield" and "Crichfield."

stunned or tased "excessively."  (Compl. ¶ 12.)

The Plaintiffs filed their respective complaints on March 5, 2007.  The Plaintiffs each allege violation of their Constitutional rights under 42 U.S.C. § 1983, as well as state law claims of assault and battery.  They seek $500,000 in compensatory damages and $300,000 in punitive damages.  On June 22, 2007, Defendants filed a motion to dismiss and an answer.  I heard arguments for the motion to dismiss on October 1, 2007.

## II.    STANDARD OF REVIEW

Dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure is limited to "the extraordinary case where the pleader makes allegations that show on the face of the complaint some insuperable bar to relief."  *Browning v. Vecellio & Grogan, Inc.*, 945 F. Supp. 930, 931 (W.D.Va. 1996) (internal quotation omitted).  When "considering a motion to dismiss, the court should accept as true all well-pleaded allegations" and construe those allegations in the light most favorable to the plaintiff.  *Mylan Labs, Inc. v. Matkar*, 7 F.3d 1130, 1134 (4th Cir. 1993).  While the complaint need not provide detailed factual allegations, the basis for relief in the complaint must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007).  Assuming the factual allegations in the complaint are true, they "must be enough to raise a right to relief above the speculative level."  *Id*.

## III.    DISCUSSION

Defendant City of Danville Police Department – The City of Danville is a municipal corporation in Virginia, and the police department is merely a unit of the City.  While a city is among the class of suitable "persons" liable under § 1983, it is not liable for the harms inflicted

3

by its officers on a vicarious liability or *respondeat superior* basis. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). A city can only be held liable if the officers were acting pursuant to some law, custom, or policy of the city. These requirements can be satisfied by legislative enactments, individual decisions of policy makers, or even failure of training or screening.

Here, Plaintiffs make no claim that the City of Danville was directly involved in their injury. There is no claim that any of the officers was involved in policy making and no claim of failure to properly train or screen. In fact, the complaints accept that the officers had attended training on use of the Tasers. (Compl. ¶ 13.) The complaints seem only to rely on *respondeat superior* liability to ensnare the City of Danville. This is impermissible. Therefore, Plaintiffs have failed to state a claim upon which relief can be granted under § 1983 as to the City of Danville and the claims will be DISMISSED.

The Plaintiffs have also asserted claims for assault and battery against the City of Danville. In Virginia, "as a general rule the sovereign is immune … from actions at law for damages…[I]t is plain that this protection extends to municipalities in the exercise of their governmental functions, one of which is certainly the maintenance of a police force." *Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999) (internal citations omitted). This immunity has not been waived in any way. Therefore, the state law claims of assault and battery against the City of Danville Police Department will be DISMISSED.

Defendant Police Officers

The complaints do not state whether the officers are being sued in their official or individual capacity. However, because the city is not liable, any claims against the officers in

4

their official capacity will also be dismissed.

The Plaintiffs base their § 1983 claims on violations of the Fourth Amendment's prohibition on unreasonable searches and seizures. To establish a Fourth Amendment violation, the Plaintiffs must show that the officers' actions were unreasonable when judged by an objective standard in light of the facts and circumstances confronting the officer. *Graham v. Connor*, 490 U.S. 386, 396 (1989). Even if the violation was unreasonable, the officers may still be immune from damages if qualified immunity applies.

The initial inquiry in such a situation is whether, taken in the light most favorable to the party asserting the injury, the facts allege that the officers' conduct violated a constitutional right. *Scott v. Harris*, 127 S.Ct. 1769, 1774 (2007). There is no dispute as to whether the Plaintiffs were seized. The question is whether such seizure was reasonable. Reasonableness is determined by balancing "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." *United States v. Place*, 462 U.S. 696, 703 (1983). Officers may use force, if necessary, to effectuate an arrest. Here, the Plaintiffs admit that a struggle ensued between one of the officers and the Plaintiffs after the officers felt that Breitwieser was a threat. (Breitwieser Compl. ¶ 11.)

However, the allegations go further. The complaints allege that after Plaintiffs were arrested and handcuffed, Crichfield was dry-stunned or tased fifteen to twenty times and Breitwieser was dry-stunned or tased repeatedly. The complaints do not mention whether they were still resisting, though in "such a posture, courts are required to view the facts and draw reasonable inferences in the light most favorable to the party opposing [the motion]." *Scott*, 127

5

S.Ct. at 1774–75.  It is reasonable to infer that after being placed in handcuffs the Plaintiffs were not such a threat as would have required being tased up to twenty times.  Thus, such alleged actions are not reasonable, and would be in violation of the Fourth Amendment.

Only after we find that there was a violation of a constitutional right should we go to the next sequential step in the qualified immunity analysis:  Determining whether that right was clearly established.  *Id.* at 1774.  Officers can only be personally accountable in § 1983 actions if their acts violate clearly established constitutional rights of which a reasonable official would have known.  In each case, the right must be defined at a "high level of particularity."  *Edwards v. City of Goldsboro*, 178 F.3d 231, 250 (4th Cir. 1999).  We know that there is a general right to be free from excessive force, but this is too broad.  The Defendants wish the right to be characterized as that of intoxicated and threatening individuals who are actively resisting arrest not to be tased in order to subdue them.  Obviously, defined as thus, such a right is not clearly established.  However, because we must take the situation in the light most favorable to Plaintiffs, the question should be "is it a clearly established right not to be tased up to 20 times after you have been handcuffed and placed under arrest and are no longer forcibly resisting."  The answer is probably not.  However, this is clearly based on a factual issue.  If the facts later demonstrate that Plaintiffs were actively struggling and resisting arrest, then the officers may be entitled to a qualified immunity defense.  Therefore, I will DENY the Motion to Dismiss with regards to the § 1983 claim against the police officers.

The Plaintiffs also filed claims of assault and battery against the police officers.  If the alleged police actions were constitutional or if the officers were entitled to a qualified immunity defense, then these claims would also be dismissed.  Here, however, I will DENY the Motion to

6

Dismiss with regards to the state law assault and battery claims.

## IV.    CONCLUSION

For the reasons stated herein, the Motion to Dismiss will be **GRANTED** with respect to

the City of Danville Police Department, but will be **DENIED** with respect to officers C.G.

Gagnon, L.P. Rigney, Jr., and Danny L. Cassidy, Jr.

Entered this 11th day of October, 2007.

s/Jackson L. Kiser
Senior United States District Judge

7